United States District Court
Northern District of California

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      San Francisco Division

11

RICARDO JOSE CALDERON LOPEZ,              Case No.  16-cv-02732-LB

12          Plaintiff,

13      v.                                **ORDER GRANTING THE
                                          DEFENDANT'S MOTION TO DISMISS
14   COMMISSIONER OF SOCIAL               AND DENYING THE REMAINING
     SECURITY,                            MOTIONS AS MOOT**
15
            Defendant.                    Re:  ECF Nos. 29, 32, 39, 43, 46, 48, and 49
16

17

18                          **INTRODUCTION**

19       Mr. Lopez, who is representing himself, filed a complaint for judicial review of his disability

20   benefits for his claimed disability of hemiplegia, a neurological disorder, sustained as a result of

21   being involved in a motor vehicle accident.[1]

22       Mr. Lopez seeks reinstatement of his disability benefits.[2] He also moved for a preliminary

23   injunction, again seeing reinstatement of his disability benefits.[3] In October 2016, the court denied

24   the motion for injunctive relief and advised Mr. Lopez it would consider all of his arguments after

25

26   [1] Compl. − ECF No. 1. Record citations are to material in the Electronic Case File ("ECF"); pinpoint
     citations refer to the ECF-generated page numbers at the top of documents.
27   [2] *Id.* at 7.

28   [3] ECF No. 29.

ORDER — No. 16-cv-02732-LB

1    the parties fully briefed the dispute.[4] In December 2016, Mr. Lopez filed motions for an order to

2    show cause, for sanctions, to consolidate this case with his constitutional tort case against the

3    SSA, and to reconsider the court's decision to decide the motions without a hearing.[5]

4        The Commissioner opposes Mr. Lopez's application for judicial review and moves to dismiss

5    the complaint and the related motions on the ground that the court lacks subject-matter jurisdiction

6    because there is no final agency decision because Mr. Lopez did not exhaust his administrative

7    remedies.[6]

8        Pursuant to Civil Local Rule 16-5, the matter is deemed submitted for decision by this court

9    without oral argument. Moreover, the court finds that it can decide the matter without oral

10   argument under Civil Local Rule 7-1(b). All parties have consented to magistrate jurisdiction.[7]

11   The court dismisses the complaint without leave to amend for lack of subject-matter jurisdiction.

12   The court denies Mr. Lopez's other motions.

13

14                                    **STATEMENT**

15       The SSA determined that Mr. Lopez was disabled under Title II of the Social Security Act,

16   and it awarded him monthly benefits effective February 15, 2003.[8] On August 20, 2013, pursuant

17   to its statutory mandate to review disability determinations, *see* 42 U.S.C. § 421(i)(1), the SSA

18   determined that Mr. Lopez's disability had ceased.[9] Mr. Lopez requested reconsideration of this

19   determination in September 2013, waived his right to a hearing, and asked for a disability officer

20   to hear his case.[10] In March 2014, a disability hearing officer concluded there was insufficient

21   evidence to establish that Mr. Lopez had a disability because Mr. Lopez would not fill out his

22

23

24   [4] ECF No. 33.

     [5] ECF Nos. 39, 43, 46, 48, and 49.

25   [6] ECF No. 32 at 1, 13.

26   [7] Consent Forms – ECF Nos. 7, 15.

     [8] Chung Decl. − ECF 32-1, ¶ 3(a) & Ex. 1 − ECF No. 32-1 at 5.

27   [9] *Id.* ¶ 3(b) & Ex. 2. − ECF No. 32-1 at 8.

28   [10] *Id.* ¶ 3(c) & Ex. 3 − ECF No. 32-1 at 9.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   reconsideration application or the "Activities of Daily Living" questionnaire, and he refused to

2   attend two psychological and two internist consultive examinations.[11] On March 19, 2014, the

3   SSA sent Mr. Lopez a Notice of Reconsideration telling him that he was no longer entitled to Title

4   II benefits based on a disability and that he had 60 days to request a hearing before an ALJ.[12]

5       On May 8, 2014, Mr. Lopez filed his request for a hearing before an ALJ, saying that he would

6   provide additional information at the hearing instead of providing the name and address of sources

7   that the SSA could contact to get information about his disability.[13] The hearing was scheduled for

8   August 26, 2015.[14] The SSA sent Mr. Lopez a notice about his hearing date, tried to call him

9   regarding the hearing, and sent a reminder warning him that a failure to appear would result in the

10   dismissal of his appeal; the notices were mailed to the address that Mr. Lopez provided in his

11   hearing request.[15]

12       Mr. Lopez asserts that he responded to the notice of hearing by mailing the assigned ALJ

13   (Sally C. Reason) a letter that advised her of (1) his difficulties with the local social-security office

14   (which was — he alleged — impermissibly forcing him to fill out administrative forms to reinstate

15   his benefits) and (2) his *Bivens* lawsuit in the Central District, which he alleges was a conflict of

16   interest that prevented his attending the hearing.[16] He did not appear at the hearing, and the ALJ

17   dismissed his request for a hearing and issued a notice of dismissal.[17] Mr. Lopez timely asked

18   Appeals Council to review the ALJ's order dismissing his case.[18] The appeals council denied the

19   request, concluding that there was no "good cause" for Mr. Lopez's failure to appear.[19]

20

21

---

22   [11] *Id.* ¶ 3(d) & Ex. 4 − ECF No. 32-1 at 14.

23   [12] *Id.* ¶ 3(e) & Ex. 5 − ECF No. 32-1 at 20−22.

24   [13] *Id.* ¶ 3(f) & Ex. 6 − ECF No. 32-1 at 23.

     [14] *Id.* ¶ 3(g) & Ex. 7 − ECF No. 32-1 at 30.

25   [15] *Id.* ¶ 3(g−i) & Exs. 7−9 − ECF No. 32-1 at 30−37.

26   [16] Compl. − ECF No. 1 at 2−3.

     [17] *Id.*; Chung Decl. − ECF 32-1, ¶ 3(j) & Ex. 10 − ECF No. 32-1 at 39.

27   [18] *Id.* ¶ 3(k) & Ex. 11 − ECF No. 32-1 at 47.

28   [19] *Id.* ¶ 3(l) & Ex. 12 − ECF No. 32-1 at 49.

1              **ANALYSIS**

2        The Commissioner asserts that the court lacks subject matter over the Commissioner's non-

3    final decision.[20] The plaintiff has the burden of establishing jurisdiction. See *Kokkonen v.*

4    *Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

5        Here, the ALJ dismissed Mr. Lopez's request for a hearing because he did not appear, despite

6    being warned that his failure to appear would result in dismissal of his hearing without further

7    notice. The relevant regulation is 20 C.F.R. § 404.957, which provides that an ALJ may dismiss a

8    request for a hearing without further notice if (1) the claimant or his representative did not appear,

9    (2) the claimant was "notified before the time set for the hearing that your request for hearing may

10   be dismissed without further notice if you did not appear at the time and place of hearing," and (3)

11   "good cause has not been found by the administrative law judge for your failure to appear." *Id.* §

12   404.97(b)(1)(i).

13       The issue is whether Mr. Lopez exhausted his administrative remedies and thus whether the

14   SSA issued a final decision.

15       The Social Security Act authorizes judicial review of only final Social Security Administration

16   decisions made after a hearing. 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977)

17   (Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final

18   decision' of the Secretary made after a hearing."). A "final decision" is not defined by the Social

19   Security Act and is instead defined by regulation. *See* 20 C.F.R. § 404.900(a)(1)-(4). Under the

20   regulations, a claimant obtains a final decision only after completing the four steps of the

21   administrative review process: (1) an initial determination; (2) reconsideration; (3) a hearing

22   before an ALJ; and (4) review by the Appeals Council. *Id* ; *see Kildare v. Saenz,* 325 F.3d 1078,

23   1082 (9th Cir. 2003) ("[a] final decision has two elements: (1) presentment of the claim to the

24   Commissioner, and (2) complete exhaustion of administrative remedies.") (citing *Johnson v.*

25   *Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)).

26

27   ─────────────────

28   [20] Motion − ECF No. 32 at 7.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    The cessation of disability benefits following a continuing disability review is an initial

2    determination. 42 C.F.R. § 404.902(a). Before appealing to this court, the plaintiff must exhaust

3    administrative remedies by seeking a reconsideration decision, then an ALJ decision after a

4    hearing, and then a final review by the Appeals Council. 20 C.F.R. § 900(a)(1)–(5). By not

5    attending his hearing, Mr. Lopez waived his right to a hearing and failed to exhaust his

6    administrative remedies. *Hoye v. Sullivan*¸ 985 F.2d 990, 991 (9th Cir. 1993); *accord Subia v.*

7    *Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001). Thus, there was no final decision.

8    And as the Commissioner points out, there is no exception that justifies judicial review.[21]Mr.

9    Lopez does not establish that exhaustion would have been futile, and his claim is not collateral to

10   his claim of entitlement of benefits.[22] Indeed, he claims entitlement to benefits, his claim is

11   factual, and he did not provide the additional information needed to establish his entitlement to

12   benefits.

13   In sum, without a final agency decision, the court has no jurisdiction. Mr. Lopez's remedy is

14   refile for benefits.

15   The court denies the remaining motions as moot.

16

17                                **CONCLUSION**

18   The court dismisses the complaint for lack of jurisdiction and denies the other motions as

19   moot. This disposes of ECF Nos. 29, 32, 39, 43, 46, 48, and 49.

20

21   **IT IS SO ORDERED.**

22   Dated: December 22, 2016

23                                              LAUREL BEELER
                                                United States Magistrate Judge

24

25

26

27   [21] Motion – ECF No. 32 at 11–12.

28   [22] *Id.* (citing *Kildare v. Saenz*, 325 F.3d. 1078, 1082 (9th Cir. 2003);  *Hoye*, 985 F.3d at 991–992; and *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).